

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bayne Satterfield, Commissioner
Fireman's Pension Commission
P. O. Box 1062
Austin, Texas

O-6521

Dear Sir:

Opinion No. O-6521
Re: Under Article 6243e of the Re-
vised Civil Statutes of Texas
as amended in 1945, the widow
of a fireman who has served a
sufficient time to be entitled
to a certificate is entitled
to be paid benefits from the
time of the fireman's death re-
gardless of the fireman's age
at the time of his death.

Your letter of April 11th calling our attention to
the amendment to Section 6 of Article 6243e of the Revised
Statutes passed at the present session of the Legislature re-
ceived. In your letter you have asked us in the light of said
amendment to answer the two following questions:

"1. If an active fireman who has served act-
ively for a period of 20 years or longer but who
has not reached the age of 55 years and who has
elected to remain in the active service of the
fire department should be killed not in nor in
consequence of the performance of his duty as a
fireman or if he should die from a cause or causes
not in consequence of the performance of his duty
as a fireman, may his Board grant and begin pay-
ing his widow or other dependents benefits imme-
diately after his death or would the Board be
compelled to begin payments on the date he would
have reached the age of fifty-five years?

"2. If a fireman who has retired after hav-
ing served 20 years on a fire department but be-
fore he reached the age of fifty-five (55) years,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

should be killed or die from any cause not in consequence of the performance of his duty as a fireman; should his Board begin paying his dependents their benefits promptly after his death or would it be compelled to withhold payment of such benefits until the fireman would have reached the age of 55 years?"

The material portion of the amendment passed by the present Legislature quoted by you is as follows:

"Notwithstanding any other provision of this Act, it is hereby specially provided that any eligible and qualified fireman who shall have completed twenty (20) years of service before reaching the age of 55 years may apply to the Board of Trustees for, and it shall be the Board's duty to issue, a certificate showing the completion of such service and showing and certifying that such fireman, when reaching the age of fifty-five (55) years, will be entitled to the retirement and other applicable benefits of the Act; . . ."

Section 12 of said Article 6243e reads in part as follows:

"If any member of any department as herein defined who has been retired on allowance because of length of service or disability shall thereafter die from any cause whatsoever; or if while in service any member shall die from any cause growing out of and/or in consequence of the performance of his duties; or shall die from any cause whatsoever after he has become entitled to an allowance or pension certificate and shall leave surviving a widow, a child or children under the age of eighteen (18) years or a dependent parent said Board of Trustees shall order paid a monthly allowance as follows: . . ."

We call particular attention to the statement in the above statute which reads "or shall die from any cause whatsoever after he has become entitled to an allowance or pension certificate" since this phrase will perhaps, and we think does, control the proper disposition and answer to your questions.

Under the provisions of the quoted statutes above when a fireman has served twenty (20) years, regardless of his then age, he "may apply to the Board of Trustees for, and it shall be the Board's duty to issue, a certificate showing the completion of such service".

Reading the quoted sentence from Section 12 and the last quoted section from the amended Section 6 as we construe same a fireman who has served twenty (20) years is then entitled to and the Board must give him a pension certificate.

Section 12 provides that if a fireman dies from any cause after he has become entitled to his pension certificate his widow is entitled to payments as provided for in said section.

It is our opinion, therefore, that regardless of whether the fireman is active or retired at the time of his death if he has served actively for the twenty (20) year period he is entitled to his pension certificate and if he thereafter dies his widow and children, if any, are entitled to receive compension from the date of his death in the respective sums as provided for in said Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Geo. W. Barcus
Assistant

GWB:mp



1945

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN